UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEWAYNE C. ROMANS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-00226-TWP-DLP ) |
| KEITH BUTTS, BRUCE IPPEL, STACY SCOTT, LERRETA DAWSON sued in his or hers - Individual & Official capacities, | ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY SCREENING AMENDED COMPLAINT,
DISMISSING INSUFFICIENT CLAIMS, AND
DIRECTING SERVICE OF PROCESS**

**I. Screening of the Amended Complaint**

A.  *Legal Standards*

Plaintiff Dewayne C. Romans, Sr. is incarcerated at the New Castle Correctional Facility (New Castle). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

    B.    *Allegations*

The amended complaint tendered on March 25, 2019, names the following defendants: 1) Warden Keith Butts; 2) Dr. Bruce Ippel; 3) Stacy Scott, Health Service Administrator; 4) Lerreta Dawson, Nurse Practitioner; and 5) Mike Smith, Quality Assurance Manager. All defendants are named in their individual and official capacities. Mr. Romans seeks compensatory and punitive damages and injunctive relief.

Mr. Romans alleges that the defendants all knowingly delayed and deprived him of necessary medical treatment. He recites a lengthy chronology of his medical conditions and treatment during the period of June 2016 through November 2018. Prior to being incarcerated, he was receiving Social Security Disability payments due to a gunshot wound to his left leg. He had also been prescribed an "Arizona brace on spine." In June 2016, when at New Castle, he started requesting the Arizona brace. On or about February 2, 2017, he reinjured his left leg on his bunk, allegedly because he had not been given the brace. His left leg was swollen and very painful. Mr. Romans requested to be seen by an orthopedic doctor. He also requested pain medication and an ultrasound to check for newly formed blood clots. He submitted health care requests asking to see a doctor and complaining about the pain and swelling. He was seen by a nurse practitioner (NP) on February 27, 2017. The NP submitted a request for Mr. Romans to be seen by a physician. On March 13, 2017, he was seen again by the NP. Mr. Romans was given a bottom bunk and bottom range pass with a six week lay-in to try to limit his movement.

On March 14, 2017, Mr. Romans was transported to an outside orthopedic clinic. He was prescribed the Arizona brace for his spine and x-rays were taken. On March 15, 2017, he had a disagreement with prison medical staff about whether he should have a wheelchair and be allowed to continue to attend vocational classes. On March 20, 2017, he submitted a grievance to the Warden about being taken out of vocational classes due to his injury. He was informed that if he missed classes he would not be able to make them up and he would have to request another referral for vocational classes. On March 21, 2017, Mr. Romans was referred for a wheelchair evaluation, but the appropriate size wheelchair was not available.

On April 10, 2017, Mr. Romans was provided an extra large ankle brace, but it was not the correct brace. He requested a larger brace. He continued to submit numerous medical care requests for renewal of medications, an ultrasound of his veins, and other tests, in addition to the proper brace.

In May 2017, Dr. Ippel told Mr. Romans he would order the proper Arizona brace and order a sonogram of damage to his veins. These requests were noted in the chart but were not ordered.

Health Care Services Administrator Scott met with Mr. Romans in August 2017 and assured him that the prescribed Arizona brace would be provided. He alleges that she never provided the brace.

Mr. Romans alleges that beginning in January 2018, Dr. Ippel decided not to renew his prescription for Neurontin. This was done because the medication was highly trafficked in prison and inmates were being bullied into giving other inmates the medication. Dr. Ippel prescribed several different medications to relieve Mr. Romans' nerve pain but none of them were as effective and they had side effects.

In March 2018, medical supply staff informed Mr. Romans that they would check his medical records and would order the brace. In late March 2018, Dr. Ippel saw Mr. Romans and approved a request for an ultrasound. It was performed on his left leg on March 28, 2018.

Mr. Romans alleges that Nurse Practitioner Dawson denied him necessary pain medication in April 2018 because he seemed to be getting around fine. In early May 2018, Mr. Romans complained that NP Dawson was unprofessional and had denied him treatment. NP Dawson then refused to see Mr. Romans.

On or about June 8, 2018, Mr. Romans was fitted for a posterior solid leg brace. He received the brace on or about July 24, 2018. He alleges he still has not received the proper Arizona posterior solid brace that he needs.

Mr. Romans alleges that he wrote letters to all of the defendants, putting them on notice that he was being denied effective medications and the prescribed brace.

C. *Discussion*

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Mr. Romans alleges that the defendants violated his Fourteenth Amendment and his Eighth Amendment rights. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). The Fourteenth Amendment claims are **dismissed for failure to state a claim upon which relief can be granted** because no factual allegations support a Fourteenth Amendment due process violation.

With respect to Mr. Romans' claim that medical staff tried to remove him from vocational classes, he alleges that he was informed that if he missed classes, he could not make up the classes and would have to put in for another referral. "The Eighth Amendment, however, does not compel prison administrators to provide general educational programs for inmates." *Johnson v. Randle*, 451 F. App'x 597, 599 (7th Cir. 2011) (citing *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981). "It follows, then, that refusing to take steps that might help [plaintiff] exploit available programs could not violate the Eighth Amendment." *Id.*; *see also Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000) ("There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment.") (internal quotation omitted). Vocational programs are not one of "life's necessities" required to be provided by prison administrators. *Walker v. Samuels*, 543 F. App'x 610, 611 (7th Cir. 2013). Therefore, to the extent Mr. Romans alleges that he had a constitutional right to vocational programming, he is mistaken, and such claim is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Romans' claim that "health care staff" retaliated against him for filing multiple grievances and seeking medical attention by denying him medical care, failing to provide him the proper brace, and trying to remove him from vocational classes is liberally construed as being brought against all defendants. The claims of retaliation **shall proceed** against all the defendants.

Liberally construing the amended complaint, Mr. Romans' Eighth Amendment claims of deliberate indifference to a serious medical need **shall proceed** against all the defendants.

These are the claims the Court discerns in the complaint. If Mr. Romans believes that additional claims were alleged in the complaint but not identified or improperly dismissed by the Court, he shall have **through May 22, 2019,** in which to identify those claims.

## II. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Keith Butts, Bruce Ippel, Stacy Scott, Lerreta Dawson, and Mike Smith in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on March 25, 2019, the attachments thereto, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. A courtesy copy of this Entry shall be mailed to attorney Douglass R. Bittner.

The defendants shall respond to the motion for preliminary injunction, filed on April 8, 2019, dkt. 14, when they respond to the amended complaint.

The clerk shall **add to the docket** defendant Mike Smith.

**IT IS SO ORDERED.**

Date: 4/25/19

_(signed)_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEWAYNE C. ROMANS, SR.
257956
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
Katz Korin Cunningham, P.C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204

Warden Keith Butts
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Dr. Bruce Ippel
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Stacy Scott
Health Care Administrator
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Lerreta Dawson
Nurse Practitioner
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Mike Smith
Quality Assurance Manager
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362